# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | | |
|---|---|---|
| ANGEL ARGUETA ANARIBA | ) | CIVIL ACTION NO.  24-CV-1216 |
| | ) | |
| VERSUS | ) | JUDGE JOSEPH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MAGISTRATE JUDGE |
| ET AL | ) | WHITEHURST |

## ANSWER TO AMENDED COMPLAINT

Defendant United States of America, by its attorney Karen J. King, Assistant United States Attorney, answers Plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      The Court lacks subject-matter jurisdiction because the United States District Courts have exclusive jurisdiction of civil actions on claims against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

3.      Venue is improper because the plaintiff does not reside in this district and the allegedly negligent or wrongful acts and omissions did not occur in this district.

4.      The allegedly negligent or wrongful acts and omissions were those of an employee whose conduct was controlled by a third-party and not the defendant United States.

5.      The claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

6.      The claims arise out of an assault or battery by a Government employee who was not an investigative or law enforcement officer and who was acting within the scope of employment, and they are therefore barred. 28 U.S.C. § 2680(h).

7.      The claims arise out of abuse of process by a Government employee who was not an investigative or law enforcement officer and who was acting within the scope of employment, and they are therefore barred. 28 U.S.C. § 2680(h).

8.      The allegedly negligent or wrongful acts and omissions were beyond the scope of employment.

9.      The United States denies any negligent acts or omissions by its employees.

10.      Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

11.      The injuries and harm alleged by Plaintiffs in the Complaint were not proximately caused by the negligent or wrongful acts of an agent or employee of the United States.

2

12.     In the event that the United States is found to have been negligent, which negligence is denied, the negligence of the plaintiff was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

13.     The alleged injuries which Plaintiff avers are related to the alleged incident are the result of preexisting and/or subsequent physical and/or medical conditions and were not caused by any negligence of a federal employee acting within the course and scope of federal employment.

14.     In the event the United States is found to have been negligent, which is denied, the superseding and intervening negligence of other parties and/or third parties, for whom the United States cannot be liable, broke any causal connection between the United States purported negligence and Plaintiff's alleged injuries, cutting off the legal effect of any negligence of the United States. La. Civ. Code Ann. art. 2323.

15.     The Complaint sets forth constitutional claims, which are not actionable under the FTCA and for which the United States is immune from suit.

16.     The Complaint alleges negligent or wrongful acts and omissions as to which the defendant is qualifiedly immune from suit.

17.     The Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA") limits Plaintiff's maximum recovery, if any, to the amount of their pre-suit administrative demand.  *See* 28 U.S.C. § 2675.

18.    To the extent that any of Plaintiff's claims were not the subject of an administrative tort claim, this court lacks jurisdiction over those claims. 28 U.S.C. § 2675(a).

19.    Plaintiff is not entitled to a trial by jury against the United States. 28 U.S.C. §2401

20.    The United States is not liable for any pre-judgment interest or post-judgment interest, except as permitted by Federal law. *See* Title 28, United States Code § 2674; Title 28, United States Code § 1961; and Title 31, United States Code § 1304(b).

21.    The United States is not liable for an award of attorney's fees for cases sounding in tort. 28 U.S.C. § 2412(d). Attorney's fees paid from any judgment or settlement are governed by 28 U.S.C. § 2678 and may not exceed 25% of any judicial judgment or settlement.

22.    Plaintiff's recovery of any special damages is limited to those actually paid. La. R.S. § 9:2800.27.

23.    The United States is not liable for punitive damages as a matter of law. *See* Title 28, United States Code § 2674.

24.    Plaintiff failed to mitigate his damages.

25.    To the extent that the Complaint requests equitable relief, not money damages, it is not cognizable under the FTCA. 28 U.S.C. § 1346(b)(1).

The Affirmative Defenses that have been asserted heretofore in this Answer are not exhaustive, and the United States hereby expressly reserves the right to

amend this Answer to bring additional Affirmative Defenses over the course of this action, as the facts and evidence may warrant.

In answer to the allegations of the Complaint, Defendant avers, and states as follows in response to the enumerated paragraphs:

## INTRODUCTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies the allegations.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies the allegations.

3. Defendant admits that Plaintiff was detained at the Adams County Correctional Cetner for approximately four months, collectively, in 2019 and 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies the allegations.

4. Defendant admits that Plaintiff was detained at the Pine Prairie ICE Processing Center from December 2020 until April 2022. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies the allegations

5. Defendant denies the allegations in paragraph 5.

6. The allegations contained in paragraph 6 do not pertain to the United States; therefore, no response is required.

## JURISDICTION AND VENUE

7.      Paragraph 7 of the complaint consists of conclusions of law which do not require a response. However, Defendant denies that only Louisiana state law is applicable to this action.

8.      Paragraph 8 of the complaint consists of conclusions of law which do not require a response.

9.      Paragraph 9 of the complaint consists of conclusions of law which do not require a response.

10.     Defendant admits that Plaintiff submitted an administrative tort claim on or about October 27, 2022, and that ICE denied Plaintiff's claim on or about January 26, 2024. Defendant also admits that this action was filed within six months of the agency's denial. Defendant denies any remaining allegations in paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies the allegations.

## PARTIES

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies the allegations.

13.     Paragraph 13 of the complaint consists of conclusions of law which do not require a response.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the allegations.

6

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the allegations.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies the allegations.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies the allegations.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies the allegations.

## STATEMENT OF FACTS

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies the allegations.

20.    Defendant admits that Plaintiff was detained at the Adams County Correctional Cetner for approximately four months, collectively, in 2019 and 2020. Defendant further admits that Plaintiff was detained at the Pine Prairie ICE Processing Center from December 2020 until April 2022. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies the allegations.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies the allegations. Further, the referenced standards are best evidence of their content.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies the allegations. Further, the referenced standards are best evidence of their content.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies the allegations.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies the allegations. Further any government documents referenced are the best evidence of their content.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies the allegations. Further any government documents referenced are the best evidence of their content.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies the allegations. Further any government documents referenced are the best evidence of their content.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies the allegations. Further any government documents referenced are the best evidence of their content.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies the allegations.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies the allegations.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies the allegations.

## The Defendants Retaliate Against Plaintiff By Punishing Him With Solitary Confinement At Adams County

31.     Defendant admits that Plaintiff was detained at the Adams County Correctional Cetner for approximately four months, collectively, in 2019 and 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies the allegations.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies the allegations. Further any government documents referenced are the best evidence of their content.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies the allegations.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies the allegations..

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies the allegations.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies the allegations.

37.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies the allegations.

39.     Paragraph 39 of the complaint consists of a recitation of standards which do not require a response. Further the referenced standards are the best evidence of their content.

40.     Paragraph 40 of the complaint consists of a recitation of standards which do not require a response. Further the referenced standards are the best evidence of their content.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies the allegations. Further any government policies referenced are the best evidence of their content.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the allegations.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies the allegations.

**The Defendants Physically Assault Plaintiff at
Pine Prairie and Retaliate Against Plaintiff By
<u>Punishing Him with Solitary</u> <u>Confinement</u>**

44.    Defendant admits that Plaintiff was detained at the Pine Prairie ICE Processing Center from December 2020 until April 2022. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies the allegations.

45.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies the allegations.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies the allegations.

47.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies the allegations.

48.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies the allegations.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies the allegations.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies the allegations.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies the allegations.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies the allegations.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies the allegations.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies the allegations.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies the allegations.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and therefore denies the allegations.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies the allegations.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies the allegations.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 and therefore denies the allegations.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies the allegations.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and therefore denies the allegations.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and therefore denies the allegations.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and therefore denies the allegations.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore denies the allegations.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 and therefore denies the allegations.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore denies the allegations.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies the allegations.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and therefore denies the allegations.

## CLAIMS FOR RELIEF

## COUNT 1: NEGLIGENCE

### Against Defendant United States Under the FTCA

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies the allegations.

72. Paragraph 72 of the complaint consists of conclusions of law which do not require a response.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75, included sub-paragraphs a-c.

76. Defendant denies the allegations in paragraph 76.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies the allegations.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

### COUNT II: NEGLIGENT SUPERVISION

### Against Defendant United States Under the FTCA

81. Defendant denies the allegations in paragraph 81.

82. Paragraph 82 of the complaint consists of conclusions of law which do not require a response.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies the allegations.

84. Paragraph 84 of the complaint consists of conclusions of law which do not require a response.

85. Defendant denies the allegations in paragraph 85.

86.  Defendant denies the allegations in paragraph 86, including sub-paragraphs a-c.

87.  Defendant denies the allegations in paragraph 87.

88.  Defendant denies the allegations in paragraph 88.

89.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies the allegations.

90.  Defendant denies the allegations in paragraph 90.

91.  Defendant denies the allegations in paragraph 91.

92.   Defendant denies the allegations in paragraph 92.

## COUNT III:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Against Defendant United States Under the FTCA

93.  Defendant denies the allegations in paragraph 93.

94.  Paragraph 94 of the complaint consists of conclusions of law which do not require a response.

95.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore denies the allegations.

96.  Paragraph 96 of the complaint consists of conclusions of law which do not require a response.

97.  Defendant denies the allegations in paragraph 97, including sub-paragraphs a-c.

98.  Defendant denies the allegations in paragraph 98.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies the allegations.

100.    Defendant denies the allegations in paragraph 100.

101.    Defendant denies the allegations in paragraph 101.

102.    Defendant denies the allegations in paragraph 102.

## COUNT IV:  NEGLIGENT INFLICTION OF EMOTINAL DISTRESS

### Against Defendant United States Under the FTCA

103.    Defendant denies the allegations in paragraph 103.

104.    Paragraph 104 of the complaint consists of conclusions of law which do not require a response.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies the allegations.

106.    Paragraph 106 of the complaint consists of conclusions of law which do not require a response.

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical diagnoses in paragraph 105 and therefore denies the allegations. The remainder of the allegations within paragraph 107 are denied.

108.    Defendant denies the allegations in paragraph 108, including sub-paragraphs a-c.

109.    Defendant denies the allegations in paragraph 109.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies the allegations.

111.    Defendant denies the allegations in paragraph 111.

112.    Defendant denies the allegations in paragraph 112.

113.    Defendant denies the allegations in paragraph 113.

## COUNT V:  ABUSE OF PROCESS

### Against Defendant United States Under the FTCA

114.    Defendant denies the allegations in paragraph 114.

115.    Paragraph 115 of the complaint consists of conclusions of law which do not require a response.

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies the allegations.

117.    Paragraph 117 of the complaint consists of conclusions of law which do not require a response.

118.    Defendant denies the allegations in paragraph 118.

119.    Defendant denies the allegations in paragraph 119.

120.    Defendant denies the allegations in paragraph 120.

121.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical symptoms and diagnoses in paragraph 121 and therefore denies the allegations. The remainder of the allegations within paragraph 121 are denied.

122.    Defendant denies the allegations in paragraph 122.

123.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies the allegations.

124.    Defendant denies the allegations in paragraph 124.

125.    Defendant denies the allegations in paragraph 125.

126.    Defendant denies the allegations in paragraph 126.

## COUNT VI:  BATTERY

**Against the GEO Officers and GEO Group Under Louisiana State Law**

127.    The allegations contained in paragraph 127 do not pertain to the United States; therefore, no response is required.

128.    The allegations contained in paragraph 128 do not pertain to the United States; therefore, no response is required.

129.    The allegations contained in paragraph 129 do not pertain to the United States; therefore, no response is required.

130.    The allegations contained in paragraph 130 do not pertain to the United States; therefore, no response is required.

131.    The allegations contained in paragraph 131 do not pertain to the United States; therefore, no response is required.

132.    The allegations contained in paragraph 132 do not pertain to the United States; therefore, no response is required.

133.    The allegations contained in paragraph 133 do not pertain to the United States; therefore, no response is required.

134. The allegations contained in paragraph 134 do not pertain to the United States; therefore, no response is required.

135. The allegations contained in paragraph 135 do not pertain to the United States; therefore, no response is required.

136. The allegations contained in paragraph 136 do not pertain to the United States; therefore, no response is required.

137. The allegations contained in paragraph 137 do not pertain to the United States; therefore, no response is required.

138. The allegations contained in paragraph 138 do not pertain to the United States; therefore, no response is required.

## COUNT VII:  ASSAULT

**Against the GEO Officers and The GEO Group Under Louisiana State Law**

139. The allegations contained in paragraph 139 do not pertain to the United States; therefore, no response is required.

140. The allegations contained in paragraph 140 do not pertain to the United States; therefore, no response is required.

141. The allegations contained in paragraph 141 do not pertain to the United States; therefore, no response is required.

142. The allegations contained in paragraph 142 do not pertain to the United States; therefore, no response is required.

143. The allegations contained in paragraph 143 do not pertain to the United States; therefore, no response is required.

144.   The allegations contained in paragraph 144 do not pertain to the United States; therefore, no response is required.

145.   The allegations contained in paragraph 145 do not pertain to the United States; therefore, no response is required.

146.   The allegations contained in paragraph 146 do not pertain to the United States; therefore, no response is required.

147.   The allegations contained in paragraph 147 do not pertain to the United States; therefore, no response is required.

148.   The allegations contained in paragraph 148 do not pertain to the United States; therefore, no response is required.

149.   The allegations contained in paragraph 149 do not pertain to the United States; therefore, no response is required.

150.   The allegations contained in paragraph 150 do not pertain to the United States; therefore, no response is required.

## RELIEF REQUESTED

Plaintiff's final paragraph is a request for relief to which no response is required. To the extent that the Court requires a response, Defendant denies the allegations set forth in the Complaint and denies Plaintiff's request for relief. Defendant also specifically denies that Plaintiff is entitled to EAJA fees and punitive damages against the United States under the FTCA.

**WHEREFORE,** the United States respectfully requests that this Court deny all relief requested and dismiss the Complaint with prejudice.

Respectfully submitted,

ZACHARY A. KELLER
United States Attorney

BY:    *s/ Karen J. King*
       KAREN J. KING (#23508)
       Assistant United States Attorneys
       800 Lafayette Street, Suite 2200
       Lafayette, Louisiana 70501
       Telephone:   (337) 262-6618
       Facsimile:    (337) 262-6693
       Email:  karen.king@usdoj.gov

       *Attorneys for the United States of America*