**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| ANGEL ARGUETA ANARIBA | * | CASE ACTION NO.: 6:24-cv-01216-DCJ-CBW |
| | * | |
| | * | |
| VERSUS | * | JUDGE DAVID C. JOSEPH |
| | * | |
| UNITED STATES OF AMERICA, et al | * | MAG. JUDGE CAROL B. WHITEHURST |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AGREED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and among the parties hereto (the "Parties" and each individually, a "Party") as follows:

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, documents and information produced or exhibited by and between the Parties which the parties may claim are relating to medical, personal confidential information; trade secrets or other confidential research, development, commercial, security or safety-sensitive, or proprietary information are confidential, the disclosure of which may cause substantial economic and harm to the economic position of the entity from whom the information was obtained, or implicate the privacy rights of the person(s) to whom the information pertains.

1

WHEREAS, this Order applies to documents produced by a Party or witness, responses to written discovery, including interrogatories and requests for admission, and deposition testimony and exhibits thereto ("Discovery Material").

THEREFORE, an Order protecting such confidential information shall be and is hereby made by this Court on the following terms:

**A. Scope.**

1.      All material produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the Western District of Louisiana and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**B. Confidential Information.**

2.      As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by a party or non-party producing or filing documents in this action; or any information that the producing party designates in good faith to be confidential, proprietary, or otherwise sensitive, or has been previously maintained in a confidential manner, or should be protected from disclosure because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. Confidential Information may be a document or information contained in a document (whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, agreement, or otherwise); information revealed during a deposition; information revealed in an interrogatory answer or an admission; or information otherwise disclosed in discovery.

3.      For purposes of this litigation, information and documents that may be designated as Confidential Information include, but are not limited to:

    a.  Information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;

    b.  Information that reveals trade secrets;

    c.  Research, technical, or sensitive commercial or financial information that the party has maintained as confidential;

    d.  Income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

    e.  Personnel or employee records of a person who is not a party to the case;

    f.  Information contained in individual detainee files (e.g., "A Files") that would be protected by the Privacy Act or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;

    g.  Records that might contain tactical and other information related to law enforcement activities not made available to the general public that could be adversely used to circumvent law enforcement efforts the release of which to the public may adversely impact identifiable law enforcement or national security interests;

    h.  Sensitive information about the internal investigations processes, programs, procedures, staffing, resources, databases, intelligence and/or methods, which is law enforcement sensitive, the release of which to the public may adversely impact identifiable law enforcement or national security interests. This includes

information compiled for law enforcement purposes, including but not limited to investigative files related to the integrity of the legal immigration system, criminal activity, public safety, or national security, and investigative referrals;

i. ICE records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, and internal investigations which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E), the release of which to the public may adversely impact identifiable law enforcement or national security interests;

j. Information pertaining to applications for asylum or withholding of removal, protection under the Convention against Torture, or claims of credible or reasonable fear, which are subject to disclosure conditions under 8 C.F.R. §§ 208.6, 1003.27 and 1208.6(a), as well as information pertaining to applications for Temporary Protected Status under 8 U.S.C. § 1254a; and

k. Any other information that is protected or restricted from disclosure by Court order, statutes, or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5), 1186a(c)(4), 1202(f), 1254a(c)(6), 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. §7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27, 1003.46, 1208.6, and; 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

4

4.    Correspondence and other communications between the parties or with nonparties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

5.    As used in this Protective Order, the term "document" shall include, without limitation, written, recorded, electronic, and/or graphic material.

6.    This Protective Order does not waive or abrogate any applicable privilege (e.g., attorney-client privilege, work product protection, state secret privilege, law enforcement privilege, deliberative process privilege, etc.). Stated differently, a party may not argue that another party's privileged information should be produced because it can be designated under this Protective Order.   When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

7.    A party shall designate as "Confidential" only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, or information which can be properly disclosed under 5 U.S.C. § 552, shall not be designated as Confidential Information.

## C. Designation.

8.    Procedure.  A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. The parties shall have fourteen (14) days, from the day of

receipt, to designate as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," documents produced or filed by a non-party in this action, and during the fourteen-day period, the parties shall treat the third-party documents as if they are marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  As used in this Order, the term "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the documents are produced or disclosed, except in the case of documents produced or filed by a non-party in this action. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

9.    Depositions. During the time that documents designated as "Confidential" are disclosed in a deposition, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" information or document is discussed, any person who has not or will not expressly agree to be bound by this Protective Order. Appropriate sections of depositions or hearing transcripts may be designated "Confidential" by any party stating on the record their intention to so designate the section of the deposition or transcript at the time of the deposition. If no designation is made on the record, or in a Notice of Designation of Deposition Testimony served on all parties within thirty (30) days after the receipt of the final transcript, the designation of confidentiality is waived.  A party may challenge the designation of confidentiality

by motion, which must be filed within thirty (30) days of receiving the deposition transcript. If no motion is filed within thirty (30) days, the challenge to confidentiality designation is waived. All persons shall treat as "Confidential" the portion of the transcript containing a designation of confidentiality unless and until the Court has overruled the designation by the motion procedure described below.

10.    Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to subsequently so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order at Paragraph 8, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced, the Producing Party shall promptly supply the Receiving Party with new copies of any documents bearing corrected confidentiality designations, and the Receiving Party shall return or destroy the original materials and certify in writing to the Producing Party that such information has been destroyed. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information.

11.    Inspection of Materials Prior to Production.  In the event that documents, materials, or other information are made subject to inspection prior to their production, no marking of those materials need be made by the producing party at the time of that inspection.  For purposes of such an inspection, all materials made available for the inspection shall be considered Confidential Information and subject to this Order at the time of the inspection. Thereafter, if any materials subject to that inspection are produced and the producing party wishes those materials to be

considered Confidential Information under this Order, the producing party shall so designate them in accordance with the procedures set forth in this Order.

12.     Certification by Counsel or Party. The designation of materials as Confidential Information is certification by an attorney that the document contains Confidential Information as defined in this Order.[1] Any such designation by an attorney shall be in good faith and shall be based on existing law, privileges, or good faith extensions thereof. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

**D. Protection of Confidential Material.**

13.     General Protections.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, which includes any appeal thereof.

14.     Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (a) - (j) below.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

      a.  Counsel for the parties and employees of counsel who have responsibility for the action;

      b.  Individual parties and officers, directors, employees, agents or representatives of a party but only to the extent counsel determines in good faith that the

---

[1]  By designating documents as confidential pursuant to this Order, counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

c.  The Court and its personnel;

d.  Court reporters and recorders engaged for depositions and/or hearings;

e.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

f.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the litigation and trial of this action but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

g.  During their depositions or trial testimony, or in preparation for their trial or deposition testimony, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses who may receive a copy of all exhibits marked at their depositions in connection with the review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

h.  Any interpreter or translator assisting any person described in paragraphs (b) or (g) above;

9

i.   The author or recipient of the document in the regular course of business (not including a person who received the document in the course of litigation); and

j.   Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed upon or ordered.

15.   Control of Documents.   Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

## E.  Unintentional Disclosures

16.   Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.  If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall, immediately upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

## F.  Filing of Confidential Information.

17.   This Order does not, standing alone, authorize the filing of any document under seal.

## G.  No Greater Protection of Specific Documents.

18.   Except on grounds of privilege not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**H.  Challenges by a Party to Designation as Confidential Information.**

19.    The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

a.    <u>Meet and Confer.</u>  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party, or directly with a party who is appearing *pro se.* In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

b.    <u>Judicial Intervention.</u> A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth <u>in detail</u> the basis for the challenge. Each such motion must be accompanied by a competent certification that affirms that the movant has complied with the meet-and-confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**I.  Action by the Court.**

20.    Applications to the Court for an order relating to materials or documents designated Confidential Information shall be made by motion.  Nothing in this Order or any action or

11

agreement of a party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents produced in discovery or at trial.

**J.  Use of Confidential Documents or Information at Trial.**

21.    Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the substance of the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**K.  Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

22.     If a receiving party is served with a subpoena or an order issued in other litigation or regulatory or criminal investigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

23.    The receiving party also must immediately inform, in writing, the person or entity that caused the subpoena or order to issue in the other litigation or investigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

24.    The purpose of imposing these duties is to alert the issuing person or entity to the existence of this Order and to afford the designating party, in this case, an opportunity to make

attempts to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

### L.  Obligations upon Conclusion of Litigation.

25.     Order Continues in Force.  Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment, not subject to further appeal.

26.     Obligations upon Conclusion of Litigation.  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the producing party may make a demand upon the receiving party for return or destruction of all materials considered Confidential Information under this Order, including "copies" as defined above.    No party shall have any obligation to return or destroy Confidential Information if such a demand is not timely made. Where the demand for return  or destruction is timely made, the subject documents shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party (*i.e.*, attorney work product), that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) to the extent retention is required by other laws, rules or regulations, including those of the Louisiana State Bar Association and Louisiana Supreme Court.  The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party

13

shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information or Confidential Information contained in deposition transcripts or drafts, or final expert reports.

27.    Retention of Work Product and One Set of Filed Documents.  Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court, including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her own work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or otherwise violate this Order.

28.    Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**M. Order Subject to Modification.**

29.    This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.  No modification of this Order shall be binding or enforceable unless in writing and signed by the parties, or ordered by the Court.

**N.  No Prior Judicial Determination.**

30.    This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by

14

counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**O. Use of Non-Designated Material**:

31.  Nothing in this Order shall limit a party's ability to use Non-Designated Material for any purpose, including in a deposition, hearing, trial, or otherwise, in connection with this Action.

**P. Persons Bound.**

32.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

THUS DONE AND SIGNED this 30th day of ___April___, 2026, at Lafayette, Louisiana.

_____
HONORABLE CAROL B. WHITEHURST
MAGISTRATE JUDGE